UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CHARLES J. O'CONNOR, JR. and JUDY A. O'CONNOR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CTO REALTY GROWTH, INC., JOHN P. ALBRIGHT, MATTHEW M. PARTRIDGE, LISA M. VORAKOUN, and PHILIP R. MAYS, <br><br> Defendants. | Case No.  6:25-cv-01516-WWB-DCI <br><br> <u>CLASS ACTION</u> <br><br> **MOTION OF CHARLES J. O'CONNOR, JR. AND JUDY A. O'CONNOR TO DECLARE MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** |

**MOTION**

Plaintiffs, Charles J. O'Connor, Jr. and Judy A. O'Connor (together, the "O'Connors"), by and through their counsel, hereby respectfully move this Court for the entry of an Order: (1) declaring as moot Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint and Incorporated Memorandum of Law (the "Motion to Dismiss") (Dkt. No. 17); (2) directing that, within sixty (60) days of the entry of an order appointing Lead Plaintiff(s) and Lead Counsel in this action (the "Lead Plaintiff Order"), the Court-appointed Lead Plaintiff(s) shall file an amended complaint; and (3) directing that, within fourteen (14) days of the entry of the Lead Plaintiff Order, the Court-appointed Lead Plaintiff(s) and Defendants shall meet and confer and jointly submit a proposed schedule to the Court for the filing of any motion to dismiss the Amended Complaint and all associated briefing (the "Motion").

This Motion is supported by the Memorandum of Law submitted herewith, the Declaration of Nathan C. Zipperian in Support of Motion ("Zipperian Decl."), and all exhibits thereto.

**MEMORANDUM OF LAW**

As a putative class action alleging violations of the federal securities laws, the above-captioned action (the "Action") is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including provisions governing the appointment of Lead Plaintiff(s) and Lead Counsel for the putative class alleged in the Action.  *See* 15 U.S.C. § 78u-4(a)(3).  Pursuant to the PSLRA, any

1

member of the putative class was permitted to file a motion to seek appointment as Lead Plaintiff within sixty (60) days of the duly published notice of pendency of this Action—here, on or before October 7, 2025.  *Id.* § 78u-4(a)(3)(A)(i)(I)-(II); *see also* Dkt. No. 13-2.  On the statutory motion deadline, the O'Connors and another member of the putative class alleged in the Action, Steven Sramowicz ("Sramowicz"), filed competing motions seeking appointment as Lead Plaintiff(s) and approval of their respective selections of Lead Counsel (collectively, the "Lead Plaintiff Motions").  *See* Dkt. Nos. 12, 13.  While the Lead Plaintiff Motions remained pending, Defendants filed their Motion to Dismiss.  *See* Dkt. No. 17.

Congress's intent in enacting the PSLRA was, in part, to provide an orderly process to govern class actions alleging violations of the federal securities laws. Pursuant to the statute, after the expiration of the statutory Lead Plaintiff motion deadline, "the court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members"— *i.e.*, the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The court-appointed lead plaintiff is then responsible for pursuing the putative class's claims by prosecuting the class action against the defendants, typically by filing an amended complaint that supersedes the initial complaint as the operative pleading.  Recognizing as much, and in the interest of permitting the process set forth in the PSLRA to proceed as Congress intended, defendants rarely file—and

2

courts even more rarely entertain—motions to dismiss the initial complaints in PSLRA actions and instead defer defendants' response until after the Court has duly appointed one or more lead plaintiff(s), and lead plaintiff(s) file a superseding amended complaint. *See* Manual for Complex Litigation § 31.4 (4th Ed. 2004) ("Immediately after assignment of the litigation, the judge should consider entering an order suspending the time for all defendants to respond to the complaint in cases where a motion to consolidate is pending or a lead plaintiff has not been selected, as the initial complaint is likely to be amended."). Virtually all District Courts in the Eleventh Circuit have provided an opportunity for court-appointed Lead Plaintiff(s) to amend the initial complaint upon being appointed Lead Plaintiff pursuant to the PSLRA. Indeed, within the last three years alone, numerous such Orders have been entered. *See, e.g.*, Zipperian Decl., Exhibits A-S.

Moreover, courts have found that motions to dismiss the initial complaint in PSLRA actions are a "waste of judicial resources" where "it is unlikely that [the initial complaint] will be relevant once the court appoints a lead plaintiff and an amended complaint is filed." *Spiegel v. Tenfold, et al.*, No. 2:00-cv-00652-TC (D. Utah Jan. 3, 2001), Dkt. No. 36 at 9; *Chau v. Intrepid Potash, Inc.*, No. CIV.A. 09-CV-00320PA, 2009 WL 902408, at *2 (D. Colo. Apr. 1, 2009) (adjudicating premature motion to dismiss frustrates the "interests of efficiency and the orderly administration of th[e] case"). Accordingly, where defendants have moved to dismiss prior to adjudication of motions for lead plaintiff and lead counsel

3

appointment pursuant to the PSLRA, courts have held such motions to dismiss to be moot.  *See, e.g.*, *Harrison v. Mako Surgical Corp.*, No. 12-60875-CIV, 2012 WL 12896916, at *3 (S.D. Fla. Aug. 1, 2012) (appointing lead plaintiff, denying previously filed motion to dismiss as moot, and granting Lead Plaintiff sixty days to file amended complaint); *Cohen v. Saf T Lok, Inc., et al.*, No. 9:02-cv-80252-KLR (S.D. Fla. May 29, 2002), Dkt. No. 17 at 2 (mooting motion to dismiss without prejudice prior to lead plaintiff appointment and directing conferral on future briefing schedule).  Similarly, courts have entered orders directing lead plaintiffs in PSLRA actions to file an amended complaint and declaring any pending motion to dismiss to be moot upon its filing.  *See, e.g.*, *Hoffman et al. v. Authentec, Inc.*, No. 6:08-cv-01741-JA-DAB (M.D. Fla. Oct. 9, 2008), Dkt. No. 29 at 2-3 (appointing lead plaintiff and providing that if lead plaintiff files an amended complaint, Defendants' motion to dismiss is moot); *Kothari v. Harbor Diversified, Inc.*, No. 24-C-00556-WCG (E.D. Wis. Jul. 11, 2024), Dkt. No. 23 at 3 (staying motion to dismiss on movant's "representation that he intends to file an amended complaint if appointed lead plaintiff," ordering "[i]f and when an amended complaint is filed, Defendants' pending motion to dismiss will become moot").

Here, if appointed Lead Plaintiffs, the O'Connors intend to file an Amended Complaint that would immediately supersede the initial Complaint as the operative pleading in this Action.  Sramowicz is likewise virtually certain to do the same should he be appointed Lead Plaintiff.  The O'Connors respectfully submit that Defendants' unwillingness to defer their Motion to Dismiss until after Lead

Plaintiff(s) and Lead Counsel are appointed threatens to disrupt the orderly and efficient litigation process that Congress intended when it enacted the PSLRA. It would be at odds with the purposes of the PSLRA if the Court were to dismiss the soon-to-be-superseded Complaint with no opportunity for the eventual Lead Plaintiff(s) to file their own Amended Complaint on behalf of the class and to oppose any attempt to dismiss the allegations in those pleadings.

## **CONCLUSION**

For the foregoing reasons, the O'Connors respectfully request that the Court issue an Order: (1) declaring as moot Defendants' Motion to Dismiss (Dkt. No. 17); (2) directing that, within sixty (60) days of the Court's entry of the Lead Plaintiff Order, the Court-appointed Lead Plaintiff(s) shall file an Amended Complaint; and (3) directing that, within fourteen (14) days of the entry of the Lead Plaintiff Order, the Court-appointed Lead Plaintiff(s) and Defendants shall meet and confer and jointly submit a proposed schedule to the Court for the filing of any motion to dismiss the Amended Complaint and all associated briefing.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for the O'Connors certify that they conferred by email and telephone with counsel for Defendants on October 17, 2025, but the parties were not able to agree on the resolution of all or part of the instant Motion.

5

Dated: October 17, 2025

Respectfully submitted,

**MILLER SHAH LLP**

By: */s/ Nathan C. Zipperian*
Nathan C. Zipperian
Jayne A. Goldstein
2103 N. Commerce Parkway
Fort Lauderdale, Florida 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nczipperian@millershah.com
jagoldstein@millershah.com

*Counsel for Charles J. O'Connor, Jr. and Judy A. O'Connor and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (Lead Counsel)
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Charles J. O'Connor, Jr. and Judy A. O'Connor and Proposed Lead Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Nathan C. Zipperian*
Nathan C. Zipperian

7