**JOINT DECLARATION OF LEAD PLAINTIFF MOVANTS CHARLES J. O'CONNOR, JR., JUDY A. O'CONNOR, AND STEVEN SRAMOWICZ**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We, Charles J. O'Connor, Jr., Judy A. O'Connor, and Steven Sramowicz, respectfully submit this Joint Declaration in support of our request for appointment as Co-Lead Plaintiffs and approval of our selection of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen") as Co-Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2.      I, Charles J. O'Connor, Jr., live in Naples, Florida. *See* Dkt. No. 12-5 ¶2. Judy A. O'Connor is my wife. *See id*. I have a Bachelor of Arts degree in biological sciences from the University of Delaware and am currently retired. *See id*. Prior to my retirement, I was a science teacher and department chair for the Board of Education of Baltimore County, Maryland, for 36 years, and also worked as an investigator for the Maryland State Prosecutor's Office for approximately four and a half years. *See id*. During part of my teaching career, I also had insurance and securities licenses and worked for the Baltimore Sun as an auditor in the circulation department for approximately seven summers. *See id*. I have experience retaining and/or overseeing counsel. *See id*. I am 73 years old and have been investing in the securities markets for over 35 years. *See id*. As reflected in my Certification, I purchased CTO securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. Dkt. No. 12-4 at *2-4.

3.      I, Judy A. O'Connor, live in Naples, Florida. *See* Dkt. No. 12-5 ¶3. Charles J. O'Connor, Jr. is my husband. *See id*. I have a high school diploma and worked in the retail clothing sales industry for approximately 10 years and the communications

1

equipment industry for approximately 25 years. *See id*. I have experience retaining and/or overseeing counsel. *See id*.  I am 69 years old. *See id*. As reflected in my Certification, I purchased CTO securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. Dkt. No. 12-4 at *5-7.

4.      I, Steven Sramowicz, live in Riviera Beach, Florida. *See* Dkt. No. 13 at 8. I have approximately 35 years of investing experience. *See id*. I have a background in the management of neurosurgery practices. *See id*. As reflected in my Certification, I purchased CTO securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. Dkt. No. 13-3.

5.      As reflected in our motion papers, filed on October 7, 2025, prior to filing our lead plaintiff motions, we were aware of the duties imposed by the PSLRA, including a lead plaintiff's obligation to select lead counsel and to monitor lead counsel to ensure that this action is prosecuted efficiently. *See* Dkt. Nos. 12, 12-4, 12-5, 13, and 13-3.

6.      Prior to selecting counsel, we each researched and vetted our counsel. Each of us made a good faith effort in researching potential counsel through information about the firms online and with direct communication with our counsel.

7.      I, Charles J. O'Connor, Jr., learned of the pendency of this action from a press release issued by the law firm Pomerantz. My communications with Pomerantz demonstrated to me that they understood this litigation and the PSLRA lead plaintiff appointment process, and I accordingly accepted their recommendation and designated Pomerantz as my proposed Lead Counsel. I have reviewed Rosen's resume and consider the firm to be well qualified to serve as Co-Lead Counsel in this litigation.

2

8.      I, Judy A. O'Connor, learned of the pendency of this action from a press release issued by the law firm Pomerantz. My communications with Pomerantz demonstrated to me that they understood this litigation and the PSLRA lead plaintiff appointment process, and I accordingly accepted their recommendation and designated Pomerantz as my proposed Lead Counsel. I have reviewed Rosen's resume and consider the firm to be well qualified to serve as Co-Lead Counsel in this litigation.

9.      I, Steven Sramowicz, learned of the pendency of this action from a press release issued by the law firm Rosen. My communications with Rosen demonstrated to me that they understood this litigation and the PSLRA lead plaintiff appointment process, and I accordingly accepted their recommendation and designated Rosen as my proposed Lead Counsel. I have reviewed Pomerantz's resume and consider the firm to be well qualified to serve as Co-Lead Counsel in this litigation.

10.     After reviewing the allegations pleaded in the complaint, reviewing each other's filed lead plaintiff motions, and consulting with our respective counsel, we each independently and collectively determined to seek joint appointment as Co-Lead Plaintiffs and approval of our selection of Pomerantz and Rosen as Co-Lead Counsel. We have determined that we could maximize the Class's recovery by pooling our respective resources and experience by jointly seeking appointment as Co-Lead Plaintiffs and approval of our selections of counsel.

11.     We understand and appreciate the lead plaintiff's obligation under the PSLRA to select lead counsel and to monitor the action to ensure it is prosecuted efficiently. We have fulfilled this responsibility by selecting and retaining proposed lead counsel with a proven history of successfully handling this type of complex litigation.

3

12. We will communicate regularly with counsel and each other regarding major litigation events, such as important motions, settlement discussions, trial preparation and trial, and shall have the authority and responsibility to direct counsel with respect to each of these events after receiving the benefit of Co-Lead Counsel's advice. We will communicate with our counsel—and with each other separately from our attorneys—as often as necessary to ensure the vigorous and efficient prosecution of this case, as well as to discuss the progress of the litigation and the litigation strategies recommended by our counsel. We anticipate these communications will occur as often as necessary, depending on the current activity in the case. We have shared our email addresses and phone numbers with each other. We understand that litigation of this nature has periods of greater and lesser activity, and we will remain available to counsel and each other as needed to fulfill our role as Co-Lead Plaintiffs.

13. We understand that the PSLRA and courts throughout the country, including in this District, have endorsed the appointment of Co-Lead Plaintiffs and Co-Lead Counsel. We each understand that Pomerantz and Rosen have a successful and long-history prosecuting similar actions, including together as Co-Lead Counsel. Accordingly, we select Pomerantz and Rosen to serve as Co-Lead Counsel. We believe that the defendants intend to defend this litigation vigorously, and that the Class will be well served by the collective resources and experience of these two firms prosecuting the action jointly on its behalf. Based on these firms' experience in achieving substantial recoveries in securities class actions, including as Co-Lead Counsel, we believe that both firms are well-qualified to represent the Class.

4

14.     Pomerantz and Rosen have been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class. We will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the Class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary.

15.     We attest to, among other things, our shared belief in our preparedness to supervise counsel and undertake all actions necessary to ensure that the Class's claims will be zealously and efficiently litigated.

16.     We hereby affirm that the foregoing statements are true and correct statements of our views and intentions with respect to this litigation, and that we seek to be appointed as Co-Lead Plaintiffs and approval of our selection of Pomerantz and Rosen as Co-Lead Counsel in this action.

Docusign Envelope ID: 8A02B908-8944-4877-BF74-9DFE3CB1ACEB

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on ___10/21/2025_____.

DocuSigned by:

*Charles O'Connor*

7DAF19D421B24C4...

Charles J. O'Connor, Jr.

Docusign Envelope ID: 4145D828-5B12-4015-80F2-AFB8F107090F

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on ___10/21/2025_____.

DocuSigned by:

Judy O'Connor

7DAF19D421B24C4...

Judy A. O'Connor

7

Docusign Envelope ID: A2BA7891-59B7-49BP-AD5C-4602D66B7433

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

10/21/2025

Executed on _____.

Signed by:

*Steven Sramowicz*

3E7003183B094A3...                    _____

Steven Sramowicz