**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA (ORLANDO)**

**CASE NO. 6:25-cv-01516-WWB-DCI**

CHARLES J. O'CONNOR, JR. and
JUDY A. O'CONNOR, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

CTO REALTY GROWTH, INC., JOHN P.
ALBRIGHT, MATTHEW M. PARTRIDGE,
LISA M. VORAKOUN, and PHILIP R. MAYS,

      Defendants.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DECLARE
MOOT MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT [ECF 24]**

Defendants, CTO REALTY GROWTH, INC., JOHN P. ALBRIGHT, MATTHEW M.

PARTRIDGE, LISA M. VORAKOUN, and PHILIP R. MAYS (collectively "CTO"), by and

through their undersigned counsel, hereby respond in opposition to the Motion to Declare

Moot Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint ("Motion") [D.E.

24] filed by Plaintiffs, CHARLES J. O'CONNOR, JR. and JUDY A. O'CONNOR (the

"O'Connors"), and in support thereof state as follows:

**BACKGROUND AND PROCEDURAL POSTURE**

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U. S. C. § 78u-

4, was enacted to curb abusive and frivolous securities fraud lawsuits by introducing

heightened pleading and procedural standards. The PSLRA acts as a shield, protecting

public companies by providing for the orderly consolidation of actions and for a stay of

discovery during the pendency of a motion to dismiss. But nowhere does the PSLRA act as a sword mooting a motion to dismiss simply because Plaintiffs may desire to amend their own origina] complaint.

The O'Connors filed their complaint on August 8, 2025, wholly premised on an unverified, disclaimed and biased short-seller publication (the "Wolfpack Report") allegedly serving as a corrective action supporting a claim under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. The O'Connors then filed a motion to be appointed as lead plaintiffs (ECF 12). On October 7, a competing motion for appointment as lead plaintiff was filed by Steven Sramowicz (ECF 13). Mr. Sramowicz also cities to the Wolfpack Report as the backbone of his claim. Since then, the O'Connors and Mr. Sramowicz have filed a Stipulation Appointing Co-Lead Plaintiffs and Approving Selection of Counsel (ECF 26). Nevertheless, the O'Connors previously submitted in conclusory fashion that it is unlikely that their complaint will be relevant, and that they will need to amend if they remain as lead plaintiffs. ECF 24, p. 3.

CTO does not dispute the O'Connor's right to amend, which would have the effect of mooting the motion to dismiss. But there is no basis for mooting the motion to dismiss simply because the O'Connors may amend their complaint in the future. And in the absence of a consolidation of cases, which is not present here, or a substitution of lead plaintiff, which the O'Connors do not contemplate, there is no basis for an extended period of time for the O'Connors to replead. They, and Mr. Sramowicz, as Co-Lead Plaintiffs, are free to amend their complaint under the Federal Rules of Civil Procedure, Rule 15, and thus the relief sought in the O'Connors' motion is unnecessary and inappropriate.

### THE O'CONNORS' CITED TRIAL COURT OPINIONS DO NOT SUPPORT THE REQUESTED RELIEF

CTO filed its case-dispositive motion to dismiss on October 14 (ECF 17), arguing, inter alia, the failure of the Wolfpack Report to establish loss causation. Now, the

2

O'Connors, who have the right to file an amended complaint in lieu of responding to the motion to dismiss, instead seek to declare the motion to dismiss moot and establish an extended schedule for resolution of CTO's dispositive motion. There is no legal support for such relief, and the Court's discretion should militate against delaying CTO's relief any longer than is necessary.

While the O'Connors cite a litany of trial court decisions which they maintain support their positions, a review of the facts underlying these cases reveals that they are not aligned with the instant matter. They are addressed, and distinguished, as follows:

*Spiegel v. Tenfold*[1] was a consolidation of three separate cases. In response to motions to stay (though not to deem a motion to dismiss moot), the court held that "[b]ecause none of the consolidated [p]laintiffs have moved to be appointed lead plaintiff in this case, it is unlikely that their complaints will be relevant once the court appoints a lead plaintiff and an amended complaint is filed." *Id.*, p. 9. Similarly, *Chau v. Intrepid*[2] consolidated three cases, and thus the court stayed consideration of the motions to dismiss until a consolidated complaint was filed. The same is true for *Harrison v. Mako*[3] and *Cohen v. Saf T Lok.*[4] Here, however, there are not multiple cases to be consolidated, and there is no basis to assume that the O'Connors' complaint will no longer be relevant.

In *Hoffman v. Authentec,*[5] the only decision from the Middle District, Magistrate Judge Baker did not moot the defendant's motion to dismiss, as the O'Connors request, but rather he permitted the lead plaintiff to either file an amended complaint or respond

---

[1] No. 2:00-cv-00652-TC (D. Utah Jan. 3, 2001), Dkt. No. 36 at 9

[2] No. CIV.A. 09- CV-00320PA, 2009 WL 902408, at *2 (D. Colo. Apr. 1, 2009)

[3] No. 12-60875-CIV, 2012 WL 12896916, at *3 (S.D. Fla. Aug. 1, 2012)

[4] No. 9:02-cv-80252-KLR (S.D. Fla. May 29, 2002), Dkt. No. 17 at 2

[5] No. 6:08-cv-01741-JA-DAB (M.D. Fla. Oct. 9, 2008), Dkt. No. 29 at 2-3

to the motion to dismiss, holding, consistent with longstanding procedural law, that if an amended complaint is filed, the motion to dismiss would be denied as moot.

*Kothari v. Harbor Diversified, Inc.*[6] is similarly distinguishable. There, the pending complaint was mooted by the fact that the newly appointed lead counsel was not the party that filed the operative complaint, thus he was given an opportunity to file his own amended complaint.

Absent two exceptions discussed hereinafter, the remainder of cases cited by the O'Connors involve joint motions by both the plaintiffs and the defendants to address consolidation by a stipulated stay or an extended briefing schedule. But CTO seeks an expeditious review of its motion to dismiss and thus does not seek a stay. Lastly, the two standalone cases cited by the O'Connors are *Cantner*[7] and *Jastram.*[8] There, the court sua sponte dismissed the complaints without prejudice as shotgun pleadings.

The O'Connors fail to cite to a single case wherein there is not either a consolidation, the substitution of the lead plaintiff, or a joint motion for a stay. Should the O'Connors and Mr. Sramowicz, Co-Lead Plaintiffs, seek to amend the complaint, they remain free to do so, which would then moot CTO's motion to dismiss. But absent these circumstances, there is no legal support or proper rationale for mooting CTO's motion to dismiss over its objection.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, CTO respectfully requests that this Court enter an order denying Plaintiffs' Motion To Declare Moot Motion To Dismiss

---

[6] No. 24-C-00556-WCG (E.D. Wis. Jul. 11, 2024), Dkt. No. 23 at 3

[7] No. 9:25-cv-80262-AMC (S.D. Fla.), Dkt. No. 30

[8] No. 9:23-cv-80833-AMC (S.D. Fla.) Dkt. No. 24

Plaintiffs' Class Action Complaint, and providing any other such relief the Court deems just and proper.

Respectfully submitted,

DATE:  October 22, 2025

/s/    *Traci H. Rollins*
TRACI H. ROLLINS, ESQ.
Florida Bar No. 769071
RYAN C. CHILDRESS, ESQ.
Florida Bar No. 1049623
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL  33401
Telephone: (561) 650-0510
Facsimile: (561) 655-5677
trollins@gunster.com
rchildress@gunster.com

*Counsel for Defendants*

ACTIVE:38663522.3

5