## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA (ORLANDO)

### CASE NO. 6:25-cv-01516-WWB-DCI

CHARLES J. O'CONNOR, JR. and
JUDY A. O'CONNOR, Individually
and on Behalf of All Others Similarly
Situated,

      Plaintiffs,

v.

CTO REALTY GROWTH, INC., JOHN P.
ALBRIGHT, MATTHEW M. PARTRIDGE,
LISA M. VORAKOUN, and PHILIP R.
MAYS,

      Defendants.

_____ /

### DEFENDANTS' UNOPPOSED REQUEST FOR
### JUDICIAL NOTICE AND SUPPORTING MEMORANDUM OF LAW

Defendants CTO REALTY GROWTH, INC. ("CTO") and JOHN P.

ALBRIGHT ("Albright), MATTHEW M. PARTRIDGE ("Partridge"), LISA M.

VORAKOUN ("Vorakoun"), and PHILIP R. MAYS ("Mays," and together with

Albright, Partridge, and Vorakoun, collectively the "Individual Defendants"),

respectfully request that this Court permit incorporation-by-reference and take

judicial notice of the documents to be attached as exhibits in support of

Defendants' Motion to Dismiss Amended Complaint.

1.      The exhibits, also attached hereto, consist of the Wolfpack Report of June 25, 2025, which is central to, and referenced throughout Plaintiffs' complaint, documents that are required by law to be filed or maintained with the Securities and Exchange Commission ("SEC") and contain information capable of accurate and ready verification, and CTO's annual report, available for public review on CTO's investor relations website.

2.      CTO seeks to include these documents under the doctrines of incorporation-by-reference and judicial notice.

3.      CTO requests that the Court permit for consideration of its Motion to Dismiss the following documents attached hereto as exhibits:

a)  CTO Annual Report, Performance Scorecard
    https://ir.ctoreit.com/static-files/cf898c4a-0c94-47e7-bac2-d4d155ab550f

b)  SEC Correspondence, October 25, 2024
    sec.gov/Archives/edgar/data/23795/000110465924111330/filename1.htm

c)  Wolfpack Report of June 25, 2025

d)  Kite Realty Group Quarterly Financial Supplement as of September 30, 2025
    https://s25.q4cdn.com/292140124/files/doc_financials/2025/q3/KRG-Financial-Supplement-Q3-2025.pdf

e)  Regency Centers Quarterly Supplemental Disclosure as of September 30, 2025
    https://investors.regencycenters.com/static-files/588618a0-ef3f-43f2-94af-1a110d89f3a3

f) Plymouth Industrial REIT Form 10-Q for the quarter ending September 30, 2025
https://www.sec.gov/ix?doc=/Archives/edgar/data/0001515816/000119312525274281/plym-20250930.htm

g) CTO Form 8-K, dated February 26, 2024 and September 4, 2025
https://www.sec.gov/ix?doc=/Archives/edgar/data/0000023795/000110465924028747/tm247494d1_8k.htm ;

https://www.sec.gov/ix?doc=/Archives/edgar/data/0002009684/000155837025011994/seg-20250904x8k.htm

h) CTO Form 10-Q for the quarter ended September 30, 2024
https://www.sec.gov/ix?doc=/Archives/edgar/data/0000023795/000155837024013628/cto-20240930x10q.htm

i) CTO Form 8-K, EX-99.3 for the quarter ended June 30, 2025
https://www.sec.gov/Archives/edgar/data/23795/000155837025009737/cto-20250729xex99d3.htm

4.     Plaintiffs express no opposition to this Request and agree that the Court may properly take judicial notice of the foregoing documents "*for the purpose of determining what information was available to the market, but not for the truth of the matters asserted therein or for the purpose of resolving factual disputes.*"

**MEMORANDUM OF LAW**

CTO relies on the incorporation-by-reference doctrine for admission of documents which are referenced in the Complaint. *See, Alms v Luminar Techs., Inc.*, Case No: 6:23-cv-982-JSS-LHP, 2024 WL 2803261, fn 3 (Dec. 12, 2024) citing *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). ("[W]hen resolving a motion to dismiss ... a court may properly consider a document not referred to or attached

to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims[] and (2) undisputed, meaning that its authenticity is not challenged.")

As well, under federal law, this Court may take judicial notice of the foregoing documents on a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court may take judicial notice of facts "not subject to reasonable dispute" in that they are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may properly "take judicial notice of relevant SEC filings" when weighing dismissal. *Id.* "[A] court ... considering a motion to dismiss in a securities fraud case[] may take judicial notice (() of relevant public documents required to be filed with the SEC and actually filed." *Id.* citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999).

WHEREFORE, Defendant CTO Realty Growth, Inc. respectfully requests that the Court permit incorporation-by-reference and take judicial notice of the documents attached hereto and grant such other and further relief as may be necessary and proper.

## <u>Local Rule 4.01(g) Certification</u>

The undersigned counsel, Traci H. Rollins certifies that she has conferred by telephone with the opposing party's counsel, Genc Arifi of POMERANTZ LLP on December 5, 2025, and the parties were able to agree on resolution of the motion.

Respectfully submitted,

DATE:  December 5, 2025

*/s/      Traci H. Rollins*

TRACI H. ROLLINS, ESQ.
Florida Bar No. 769071
RYAN C. CHILDRESS, ESQ.
Florida Bar No. 1049623
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL  33401
Telephone: (561) 650-0510
Facsimile: (561) 655-5677
trollins@gunster.com
rchildress@gunster.com

*Counsel for Defendants*

ACTIVE:38893630.1

5